## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| FREDDIE FOUNTAIN, #1640115 | § | |
| VS. | § | CIVIL ACTION NO. 6:16CV963 |
| BRAD LIVINGSTON | § | |

## ORDER OF DISMISSAL

Plaintiff Freddie Fountain, an inmate in the Texas Department of Criminal Justice, initiated this action on June 29, 2016, alleging that as a result of the physical conditions of incarceration and deliberate action by prison officials, he has been denied adequate treatment for medical conditions. Fountain sought leave to proceed *in forma pauperis* in two motions (docket entries #2, 3). Magistrate Judge John D. Love of the Eastern District of Texas determined that Fountain's lawsuit is barred for the purposes of IFP proceedings pursuant to the three-strikes provision of 28 U.S.C. § 1915(g); he therefore recommended that the IFP motions be denied and the complaint dismissed with prejudice for purposes of IFP proceedings. Fountain has filed written objections to the Report and Recommendation of the Magistrate Judge. Having made a *de novo* review of the objections, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.

I.      **Fountain's prior frivolous claims and his failure to demonstrate imminent danger of serious physical injury preclude him from proceeding *in forma pauperis* in the present action**

Although 28 U.S.C. § 1915- Proceedings *in forma pauperis* generally gives indigent prisoners the opportunity to bring a civil action without prepayment of filing fees, the privilege is not absolute. Section 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act (PLRA), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The revocation of the privilege of proceeding bestowed by § 1915 is not a new phenomenon. Before the Prison Litigation Reform Act, courts routinely revoked a prisoner's ability to proceed *in forma pauperis* after numerous dismissals. *See, e.g., Green v. Carlson,* 649 F.2d 285 (5th Cir.1981). By enacting § 1915(g), Congress determined that three prior qualifying dismissals (i.e. dismissals of lawsuits or appeals as frivolous) constituted *per se* abuse of the *in forma pauperis* privilege. Thus, as the Fifth Circuit has explained, the "three strikes" provision of 28 U.S.C. § 1915(g) merely codified existing practice in the courts designed to prevent prisoners from abusing the *in forma pauperis* privilege. *Adepegba v. Hammons*, 103 F.3d 383, 387.

Moreover, prisoners who are not allowed to proceed *in forma pauperis* may pursue their substantive claims, just like anyone else, by paying the filing fee. This requirement is neither novel nor penal and does not impose new or additional liabilities, but puts those who abuse a privilege on the same footing as everyone else. The Fifth Circuit expressly found that § 1915(g) did not impair prisoners' rights, increase their liability, or impose a new duty, and concluded by

2

holding that § 1915(g) was applicable to Adepegba's appeal, despite the fact that this appeal was filed in December of 1995, four months prior to the enactment of the PLRA.

In the instant case, the plaintiff, Freddie Fountain, is well known to the Court. He has filed a minimum of 28 federal lawsuits and has accumulated "strikes" in the following cases: *Fountain v. Fountain*, Civil Action No. 6:14cv103 (E.D. Tex. March 17, 2014) (no appeal); *Fountain v. United States*, Case No. 1:15-cv-00814 (D.D.C. June 2, 2014), *aff'd*, No. 15-5219 (D.C. Cir. Nov. 20, 2015); *Fountain v. Tucker*, Civil Action No. 6:15cv539 (E.D. Tex. June 15, 1915), *appeal dismissed*, No. 15-40937 (5th Cir. Aug. 18, 2015). In light of this history, he is ineligible to proceed *in forma pauperis* without a showing of imminent danger of serious physical injury. He objects to the Magistrate Judge's conclusion that he faced no such danger at the time of filing.

A prisoner may invoke the imminent danger exception to § 1915(g) only to seek relief from a danger that is present, about to occur at any moment, or impending at the time the complaint is filed. *See Calton v. Wright*, No. 6:12CV344, 2012 WL 3135682, at *6 (E.D. Tex. June 29, 2012), *report and recommendation adopted*, No. 6:12CV344, 2012 WL 3135675 (E.D. Tex. Aug. 1, 2012); *see also Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir.2001)) (" '[i]mminent' dangers are those dangers which are about to occur at any moment or are impending [and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' "). Past dangers are not sufficient. *Id.* (citing *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003)). The injury must be "imminent or occurring at the time the complaint is filed." *Fuller v. Wilcox,* 288 Fed. Appx. 509, 511 (10th Cir.2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328,

330 (7th Cir.2003)). To satisfy the "imminent danger" exception, a complainant must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller,* 288 Fed. Appx. at 511 (quoting *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003)); *see also Hyder v. Obama,* civil action no. 5:11cv26, 2011 WL 1113496 (E.D. Tex., March 24, 2011, no appeal taken) (vague and conclusory allegations of imminent danger are not sufficient); *Valdez v. Bush,* civil action no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008) (same). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. *Fuller,* 288 Fed. Appx. at 511*; see also White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir.1998).

The cases in which courts find imminent danger of serious physical injury primarily involve a prisoner's complaint that essential medications are being completely withheld or that the prisoner is placed with inmates who have targeted him as an enemy. *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 582-583 (6th Cir. 2013) ("[A]lleging a danger of serious physical injury as a result of being presently denied adequate medical treatment for a chronic illness satisfies the imminent-danger exception." Here, the inmate's "allegations that the defendants are presently withholding adequate treatment for his diabetes and Hepatitis C, and that denying him treatment will lead to partial amputations of his feet," sufficed to allege imminent danger, "[b]ecause allegations of incremental harm culminating in a serious physical injury may present a danger equal to that of an injury that occurs all at once") (internal citations omitted); *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1175 (7th Cir. 2010) (Pro se complaint alleging untreated wound from beating presented allegation of imminent danger that could meet the imminent-danger exception for this three-strikes litigant); *McAlphin v. Toney,* 281

F.3d 709, 710–11 (8th Cir. 2002) (plaintiff's allegations of 5 tooth extractions that had been delayed, and refusal to treat spreading infection endangering other teeth, were sufficient to meet imminent danger exception); *Brown v. Johnson,* 387 F.3d 1344 (11th Cir. 2004) (finding imminent danger of serious physical injury based on allegation that prison officials had withdrawn treatment for HIV and hepatitis, leading to severe complications and rapid deterioration); *see also Ashley v. Dilworth,* 147 F.3d 715 (8th Cir.1998) (finding based on allegation that officials repeatedly placed prisoner near inmates on his enemy list who had hurt the prisoner and prisoner alleged he had suffered harm twice as result).

The Eleventh Circuit's decision in *Brown v. Johnson* is instructive as to what constitutes "imminent danger of serious physical injury" in cases involving alleged denial of medical treatment. In that case, the plaintiff, who suffered from HIV and hepatitis, alleged a total withdrawal of treatment, which resulted in severe, ongoing complications and a substantial deterioration of his condition. *Brown,* 387 F.3d at 1350. The defendants argued that the plaintiff had failed to satisfy § 1915(g) because the problems he alleged as resulting from the withdrawal of treatment did not constitute a serious injury. *Id.* The court disagreed, noting that plaintiff's diseases would be fatal absent treatment and concluding that the plaintiff's allegations of a severe deterioration of his physical condition at the time of filing and ongoing complications in his illness as a result of the defendants' refusal to treat him constituted "serious physical injury" for purposes of § 1915(g). *Id.*

Fountain alleges that, as a result of the conditions of his incarceration and deliberate action by prison officials, he has been denied adequate treatment for several medical conditions, namely periodontal disease, a chronic but not life-threatening skin condition, weight loss, and

insomnia. But, unlike the plaintiff in *Brown*, Fountain does not allege that he suffers from any condition that would certainly be fatal absent treatment. Nor does he allege a total withdrawal of treatment or resulting severe deterioration of his condition.

By Fountain's own account, he has been treated for his periodontal disease, skin condition, and weight loss. He concedes that he is regularly provided fluoride gel and pain relievers to treat his periodontal disease, as well as allergy medication, antibacterial cream and steroid creams for his skin condition. And he acknowledges that he was placed on a 40-day hyper-calorie diet plan to help him gain weight. He offers no support for his speculation that the extreme heat he allegedly endures in the prison somehow corrupts his medications at a molecular level, rendering them ineffective and subjecting him to physical harm. Likewise, he offers only vague and conclusory assertions that restriction to a normal diet will cause him serious physical injury.

Although Fountain does allege that he has been denied treatment for insomnia outright, and that the condition has made him vulnerable to suicidal ideation and bouts of self-inflicted injury in the past, he does not allege that he faced any imminent threat of suicidal thoughts or impulses to harm himself at the time of filing. Moreover, even if he had so alleged, these thoughts would not be sufficient to invoke the exception of § 1915(g), as "[a] prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA. To hold otherwise would eviscerate the rule. Every prisoner would then avoid the three strikes provision by threatening suicide. One cannot self-inflict serious physical injury so as to avoid the three strikes provision, sanction orders, or manipulate the judicial system." *Wallace v. Cockrell*, No.

3:02-CV-1807-M, 2003 WL 21418639, at \*3 (N.D. Tex. Mar. 10, 2003), *approved as supplemented,* No. 302CV1807M, 2003 WL 21447831 (N.D. Tex. Mar. 27, 2003).

The Court finds that Fountain has failed to show imminent danger of serious physical injury. Accordingly, he is barred from proceeding IFP under § 1915(g).

**II.     Neither the Magistrate Judge nor this Court has determined that Fountain's claims are barred under the doctrines of collateral estoppel or res judicata and he has leave to pursue them upon payment of the filing fee**

Fountain also objects to the Magistrate Judge's Report and Recommendation on the grounds that the allegations raised in the instant case have not been litigated in prior actions and, thus, are not precluded under the doctrine of res judicata or collateral estoppel. The Court notes that this issue was not before the Magistrate Judge, who, accordingly considered only whether Fountain was entitled to proceed *in forma pauperis*. And the Magistrate Judge expressly recommended that "Fountain should be allowed to resume the lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the final judgment." Report at 2.

Because the Magistrate Judge's review was properly limited, the Court finds Fountain's objection without merit.

**III.    Because Fountain is precluded from proceeding IFP pursuant to 28 U.S.C. § 1915(g), dismissal of the complaint with prejudice for the limited purposes of IFP proceedings is proper**

Next, Fountain objects to the Magistrate Judge's recommendation that "the complaint be dismissed **with prejudice** for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g)." Report at 2 (emphasis added). He contends that, because his claims have not been considered on the merits, dismissal should be "without prejudice," and that he should have leave to refile his claims. However, as discussed above, Fountain has failed to make sufficient

allegations to proceed *in forma pauperis* under § 1915(g). Thus, dismissal with prejudice, with respect to proceedings *in forma pauperis* only, is proper. And the Magistrate Judge properly recommended that "Fountain should be allowed to resume the lawsuit if he pays the entire filing fee." Report at 2. Accordingly, the Court finds Fountain's objection without merit.

**IV.    The Magistrate Judge made no recommendation on Fountain's motion to appoint counsel and there has been no showing that appointment of counsel is required in this case**

In his objections, Fountain mistakenly states that the Magistrate Judge denied his motion to appoint counsel (docket entry #4).  The Court notes that the Report and Recommendation is silent on the motion to appoint counsel and, thus, makes no recommendation on the disposition of the motion, which is still pending on the Court's docket.

Furthermore, the Court notes that there is no automatic right to the appointment of counsel in a section 1983 case.  A district court is not required to appoint counsel in the absence of 'exceptional circumstances' which are dependent on the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  In this case, the request for appointment of counsel does not allege sufficient facts from which this Court can determine that appointment of counsel is necessary.  And, on review of the complaint, the Court is of the opinion the case is not unduly complicated requiring the appointment of counsel.  *See Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

**V.    The Magistrate Judge entered no findings and made no recommendations on Fountain's motion for leave to expound and the Court finds no basis for granting the relief requested therein**

Fountain also mistakenly states that Magistrate Judge denied his motion for leave to expound (docket entry #8). The Court notes that the Report and Recommendation is silent on the request and, thus, makes no recommendation on the disposition of the motion, which is, at present, still pending on the Court's docket.

Furthermore, the Court finds no grounds for granting the relief requested in the motion. Fountain requests leave to "file his attached affidavit…as expoundment to the original complaint." Docket entry #8 at 1. It appears he wishes to amend his original complaint to include the affidavit attached to his motion for leave to expound. However, an amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986). For that reason, an amended complaint should be a complete complaint which replaces the original in its entirety. An amended complaint may not refer back to the original complaint with instructions to add, delete or substitute various sentences, paragraphs, sections or defendants. Fountain's proposed amended complaint is not in proper form and, thus, must be rejected.

Fountain also requests that the defendant be ordered to answer his complaint. However, because Fountain is not entitled to proceed *in forma pauperis* and has not paid the filing fee, an order to answer is premature at this juncture.

## VI. Conclusion

The Court finds that Fountain's objections lack merit and should be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the court.

In light of the foregoing, it is

**ORDERED** that the Report and Recommendation (docket entry #7) is **ADOPTED**. It is further

**ORDERED** that Plaintiff's motion for appointment of counsel (docket entry #4) is **DENIED**, subject to later appointment if it is determined that counsel is necessary. It is further

**ORDERED** that Plaintiff's motion for leave to expound (docket entry #8) is **DENIED.** It is further

**ORDERED** that Plaintiff's motions for leave to proceed *in forma pauperis* (docket entries #2, 3) and for waiver of the initial partial filing fee (docket entry #3) are **DENIED** and the lawsuit is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings. It is further

**ORDERED** that Plaintiff may resume the lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the final judgment.

**It is SO ORDERED**.

So **ORDERED** and **SIGNED** this **18** day of **August, 2016.**

_____
Ron Clark, United States District Judge